IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORENZO BILLINGSLEY, #188 586, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-748-MHT |
| | ) | [WO] |
| D. DANIELS, CORR. OFF. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 complaining he was subjected to excessive force and denied adequate medical care. Plaintiff names as defendants Officer D. Daniels, Warden Phyllis Billups, Sergeant T. Northener, Dr. Wilcott Rahming, the Alabama Department of Corrections ["ADOC"], and Corizon Health Care ["Corizon"]. Upon review, the court concludes that dismissal of Plaintiff's claims against the ADOC and Corizon is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i-ii).[1]

## I. DISCUSSION

### A. The Alabama Department of Corrections

The ADOC is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Accordingly,

---

[1] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 2. The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Plaintiff filed the requisite initial partial filing fee on March 7, 2017. Doc. 8. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint against the ADOC is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B. Corizon Health Care**

Plaintiff names Corizon, the institutional medical provider, as a defendant but asserts no allegations against this entity. To the extent Plaintiff seeks to hold Corizon liable on the basis that it is responsible for the care and treatment of inmates incarcerated at the Kilby Correctional Facility, he is entitled to no relief. In a § 1983 action, the corporate medical provider for prison inmates cannot be held liable for the acts of its employees. *See Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider); *see Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978) (a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor). A corporate medical provider may be held liable if its policy or procedures caused the constitutional deprivation. *Ort*, 786 F.2d at 1107; *see Monell*, 436 U.S. at 694.

Upon review of the allegation in the complaint, Plaintiff describes actions taken by individuals at the correctional facility. The court finds no policy that can be inferred from the alleged actions or inactions of the named medical defendant regarding Plaintiff's dispute over the provision of medical care he received. Consequently, the court finds that Plaintiff's complaint against Defendant Corizon is due to be dismissed under 28 U.S.C. § 915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2

2. Plaintiff's complaint against Defendant Corizon Health Care be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Defendants Alabama Department of Corrections and Corizon be DISMISSED as parties to the complaint; and

4. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before March 27, 2017**, Plaintiff may file an objection to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of March 2017.

    /s/    Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE